FILED

MAR 16 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) No. **4:22-cr-00148-SEP-NCC** | |
| ) | |
| ) | |
| MICHAEL AMATO ) | |
| ) | |
| Defendant. | |

**INDICTMENT**

The Grand Jury charges that:

**PREAMBLE**

*International Protection:*

1.  The United States, and approximately 170 other countries are signatories to a multilateral treaty called the Convention on International Trade in Endangered Species of Wild Fauna and Flora, 27 U.S.T. 1087, T.I.A.S. 8249 (commonly referred to as "the CITIES treaty" or "the Convention"). The CITES treaty provides a mechanism for regulating international trade in species whose survival is considered threatened by trade. By agreement of the parties, such species are listed on "appendices," depending on the level of protection needed for the species. International trade in species listed on these appendices (and their body parts or products made therefrom) is monitored and regulated by permits and quotas. The permit regulations apply to live and dead specimens, as well as the skins, parts and products made in whole or in part from a listed species.

2.  Wildlife species in danger of extinction and which are, or may be, affected by

trade (tigers, pandas, elephants, and all species of sea turtles, for example) are listed on Appendix I of CITES. CITES allows very limited trade in Appendix I species for scientific and research purposes, and only if the specimen is lawfully acquired and a valid "foreign export permit" issued by the specimen's country of origin (or a valid "foreign re-export certification" issued by the country of re-export), as well as a valid "import permit" from the destination country, are obtained prior to shipping any such wildlife from one country to another. International trade in Appendix I species for "primarily commercial purposes" is prohibited.

3.     Listed in Appendix II of CITES are species not necessarily threatened with extinction, but in which trade must be controlled in order to avoid utilization incompatible with their survival. International trade in these species (or skins or produces made from them) for commercial purposes is allowed, but only if a valid "foreign export permit" issued by the specimen's county of origin (or a valid "foreign re-export certificate" issued by the country of re-export) is obtained prior to the shipment. The African harrier-hawk, White-backed vulture, and "Skunda" owl, discussed below, are subject to the Appendix II permit requirements.

4.     The CITES treaty is implemented in the United States by the Endangered Species Act of 1973 (the "ESA"), which directs the U.S. Fish and Wildlife Service ("USFWS") to administer the treaty. 16 U.S.C. 1537a, 1540(f). The ESA makes it unlawful to knowingly "trade in any specimen contrary to the provisions of [CITES]." 16 U.S.C. §§ 1538(c)(1), 1540(b)(1). "Trade," in this context, includes importation into the United States. The USFWS has promulgated extensive regulations incorporating the specific permit requirements and provisions of CITES and listing species contained on the CITES appendices. 50 C.F.R. Part 23.

5.     The African harrier-hawk, White-backed vulture, and "Skunda" owl have been listed under CITES Appendix II since 2013.

6.     In addition to the requirements of CITES and the ESA, federal law generally requires that all wildlife, including those listed above, must be declared to the United States Customs Service at the port of first arrival in the United States. 19 C.F.R. §148.11. When importing any wildlife, importers or their agents must file with USFWS a completed Declaration of Importation of Exportation of Fish and Wildlife. 50 C.F.R. §14.61. USFWS must clear (or refuse) wildlife being imported into the United States, and the importer or his agent must make available to the officer the wildlife being imported, as well as all required permits, licenses or other documents. 50 C.F.R. §14.52.

*Interstate Protection:*

7.     The Lacey Act, 16 U.S.C. §3371 *et. seq.*, makes it unlawful for any person to, among other things, knowingly import, transport, sell, receive, acquire, or purchase any wildlife taken, possessed, transported, or sold in violation of any law, treaty, or regulation. 16 U.S.C. §§3372(a)(1), 3373(d)(1)(A), 3373d(1)(A).

8.     The Lacey Act defines "transport" to mean "move, convey, carry or ship by any means, or to deliver or receive for the purpose of movement, conveyance, carriage, or shipment." 16 U.S.C. §3371(k).

9.     The Lacey Act defines "wildlife" to mean any wild animal, whether dead or alive, and any part or product thereof, whether or not bred, hatched or born in captivity. 16 U.S.C. §3371(a).

*The Defendant*

10.    At all relevant times to this indictment, Michael Amato was a resident of the United States and resided within the Eastern District of Missouri.

3

11. Between on or about February 5, 2017, and September 24, 2020, Michael Amato fraudulently and knowingly purchased, organized, assisted in, or attempted to import approximately 67 taxidermy birds in violation of federal law.

## COUNT 1

12. The United States realleges paragraphs 1 through 11 which are incorporated herein as fully set forth.

13. On or about June 18, 2019, in the Eastern District of Missouri,

**MICHAEL AMATO,**

the defendant herein, did fraudulently and knowingly import and bring into the United States protected wildlife to wit: an African harrier-hawk, contrary to law in that said wildlife was imported in violation of the Endangered Species Act, and was not declared to any official of the United States government upon its entry into the United States, in violation of Title 16, United States Code, Sections 1538(c) and (e), 1540(b)(1), 3372(a)(1), 3373(d)(1)(A) and Title 19 Code of Federal Regulations, Section 148.11, Title 50 Code of Federal Regulations, Section 14.61 and 14.52 and Section 23, and did knowingly receive, conceal and in any manner facilitated the transportation, and concealment of such wildlife after importation, knowing the same to have been imported and brought into the United States contrary to law, all in violation of Title 18, United States Code, Sections 545 and 2.

## COUNT 2

14. The United States realleges paragraphs 1 through 11 which are incorporated herein as fully set forth.

15. On or about August 19, 2019, in the Eastern District of Missouri,

4

**MICHAEL AMATO,**

the defendant herein, did fraudulently and knowingly import and bring into the United States protected wildlife to wit: a White-backed vulture, contrary to law in that said wildlife was imported in violation of the Endangered Species Act, and was not declared to any official of the United States government upon its entry into the United States, in violation of Title 16, United States Code, Sections 1538(c) and (e), 1540(b)(1), 3372(a)(1), 3373(d)(1)(A) and Title 19 Code of Federal Regulations, Section 148.11, Title 50 Code of Federal Regulations, Section 14.61 and 14.52 and Section 23, and did knowingly receive, conceal and in any manner facilitated the transportation, and concealment of such wildlife after importation, knowing the same to have been imported and brought into the United States contrary to law, all in violation of Title 18, United States Code, Sections 545 and 2.

## COUNT 3

16. The United States realleges paragraphs 1 through 11 which are incorporated herein as fully set forth.

17. On or about July 21, 2020, in the Eastern District of Missouri,

**MICHAEL AMATO,**

the defendant herein, did fraudulently and knowingly import and bring into the United States protected wildlife to wit: a Skunda owl, contrary to law in that said wildlife was imported in violation of the Endangered Species Act, and was not declared to any official of the United States government upon its entry into the United States, in violation of Title 16, United States Code, Sections 1538(c) and (e), 1540(b)(1), 3372(a)(1), 3373(d)(1)(A) and Title 19 Code of Federal Regulations, Section 148.11, Title 50 Code of Federal Regulations, Section 14.61 and 14.52 and Section 23, and did knowingly receive, conceal and in any manner facilitated the

transportation, and concealment of such wildlife after importation, knowing the same to have been imported and brought into the United States contrary to law, all in violation of Title 18, United States Code, Sections 545 and 2.

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMMING
United States Attorney

_____
DIANNA R. COLLINS, #59641MO
Assistant United States Attorney