UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CR-00148 SEP |
| ) | |
| MICHAEL AMATO, ) | |
| ) | |
| Defendant. ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Michael Amato, represented by defense counsel Talmage Newton, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count One of the indictment, the Government agrees to move for the dismissal as to the defendant of Counts Two and Three at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought in this

1

District relative to the circumstances that gave rise to the indictment, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea.  Regardless of the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category), the parties jointly recommend a sentence to include a probation term of 3 years and a community service payment.

The defendant also agrees, pursuant to the guilty plea to Count One to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including all protected wildlife seized by the United States at the defendant's home on or about September 1, 2021. These items include, but not limited to:

 Honey buzzard, Greyish Eagle-owl, Pharaoh Eagle-owl, Steppe eagle, Grasshopper buzzard
Rüppell's griffon vulture, Milky Eagle-owl, Booted eagle, Lappet-faced Vulture, Savanna hawk
Wahlberg's eagle, Northern goshawk subspecies. African Harrier-hawk, Hooded vulture
White-backed vulture, Eastern grass owl, Broad-billed roller, Pallid Harrier, Eastern grass owl
Wahlberg's eagle, Osprey, Honey buzzard, Owl, Lanner falcon, Wood owl, Brahminy kite,
Striped owl, Rufous-legged owl, Striped owl, Collared Scops-owl, Mottled owl, Spotted Wood-owl, Spotted eagle, Indian Scops-owl, Western Screech-owl, Wood owl, Ninox boobook
"Skunda owl",  Magellan's owl, "4 smaller owls", bee-eater bird, bee-eater bird, Common
Flameback woodpecker, Lagger falcon, Saker falcon, Merlin, Gry/Saker Falcon, Gyr Falcon
"Tiger eagle owl",  King vulture, Peregrine/Gyr Falcon cross, Osprey, Siberian Eagle-owl
Coopers Hawk, UNK possibly Hawk-owl, Spectacled eider, Common buzzard, Common crane
or Eurasian crane, Tawny-bellied Screech-Owl, Common scops owl, Chaco owl, Pallid Scops-owl, Marsh owl, *Common buzzard,* White-faced Scops-owl, Sparrowhawk, Tawny owl, Short-toed Snake-eagle, Northern Hawk-owl, Lanner falcon, Common buzzard, European Beeeater, Yellow tailed black Cockatoo, Razorbill, Guillemot, Ratchet tailed roller, Bonelli Eagle.

The defendant also agrees, pursuant to the guilty plea to Count One to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including the following protected wildlife currently in the defendant's possession:

- The orders Strigiformes (owls) and Falconiformes (ospreys, vultures, hawks, eagles, buzzards, falcons, kites, harriers)
- The family Gruidae (Cranes)
- The genus of Merops spp. (Bee-eaters)

### 3. ELEMENTS:

As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 545, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1) The protected wildlife (merchandise) had been brought into the United States contrary to federal law, and

(2) The defendant received, concealed, bought, sold or facilitated the transportation, concealment, or sale of the merchandise knowing that it had been brought into the United States contrary to law.

### 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Beginning in or about February 2018 and continuing through September 2020, defendant and his associates smuggled and caused to be smuggled wildlife into the United States from Malta, England, Germany, and other countries without obtaining the permits required by the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES") and without declaring any wildlife imported into the United States. In total, defendant caused the illegal smuggling and importation of at least 67 wildlife.

3

Wildlife and plant species listed in Appendix I of CITES are threatened with extinction. Those listed in Appendix II of CITES includes species that are not presently threatened with extinction but may become so if their trade is not regulated. Appendix II species may be allowed in trade; however, they are strictly regulated and monitored. To import an Appendix II species into the United States, the exporter must obtain a valid "foreign export permit," issued by the specimen's county of origin, prior to importation. Appendix III of CITES includes wildlife and plant species listed by CITES member countries as being in need of international trade controls to prevent unsustainable or illegal exploitation of the species. As relevant herein, all wildlife smuggled and imported by the defendant were listed in Appendix I, II or III of CITES.

As part of the defendant's scheme of routinely smuggling and causing to be smuggled wildlife into the United States from 2018 into 2020, defendant corresponded with his associates through email and online messenger applications to view available wildlife and secure payments through online bank accounts. In each instance, defendant caused the wildlife to be transported from outside the United States into the United States without obtaining the requisite CITES permits, without declaring the wildlife to U.S. authorities. Throughout this timeframe, the defendant had numerous email and messenger conversations with associates which displayed the defendant's knowledge of United States wildlife export/import laws. Additionally, the defendant detailed to his international associates how to fill out export/import forms and how to list the wildlife to avoid law enforcement detection.

As part of the defendant's scheme, on May 17, 2019, the defendant corresponded with an associate from Malta and arranged the purchase of an African harrier-hawk. In June 2019, the Malta associate emailed the defendant stating that the African harrier-hawk was ready for

purchase and attached photos of the bird. The next day, the defendant sent a Paypal payment for $800.00. On July 11, 2019, the defendant sent an email to the Malta associate stating that he received the African harrier-hawk. Law enforcement officers seized this African harrier-hawk on September 1, 2021 while executing a search warrant at the defendant's residence.

The defendant knew the African harrier-hawk was protected wildlife. The defendant arranged, purchased and facilitated the transportation of this protected wildlife into the United States in a manner that was contrary to federal law.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 20 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than three years.

## 6. U.S. SENTENCING GUIDELINES (2021 MANUAL):

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

   **a. Chapter 2 Offense Conduct:**

   **(1) Base Offense Level:** The parties agree that the base offense level is six, as found in Section 2Q2.1(a).

   **(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

a) Because the offense involved a pattern of similar violations, the total offense level is increased by two levels pursuant to §2Q2.1(b)(1).

b) Because the market value of the protected wildlife, during the timeframe outlined in the Indictment, was more than $40,000 but less than $95,000, the total offense level is increased by six levels pursuant to §2Q2.1(b)(3); cross-referenced with §2B1.1(b)(1)(D).

b. **Chapter 3 Adjustments:**

(1) **Acceptance of Responsibility:** The parties agree that two levels should be deducted pursuant to Section 3E1.1(a). The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

c. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is twelve. Regardless of the calculated Total Offense Level, the parties jointly recommend a sentence to include a probation term of 3 years, and a community service payment.

d. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

f. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have

foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    **a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

        **(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

        **(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

    **b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

7

  **c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

  **a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

  **b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

  **c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

  **d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a

total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

    **e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

    **f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

    **g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon [his/her] interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

### h. Community Service:

The parties agree to recommend an order requiring the defendant to donate $5,000 to the World Bird Sanctuary. The parties agree that this amount represents a portion of the market value of the protect wildlife seized by law enforcement from the defendant's home on or about September 1, 2021. The parties agree that donation to the World Bird Sanctuary can be made in installments but will be completed by the end of the defendant's term of probation.

### 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any

11

term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

5/2/23
Date

Dianna R. Collins
Assistant United States Attorney

5/2/23
Date

Michael Amato
Defendant

5-2-2023
Date

Talmage Newton
Attorney for Defendant

12