IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:22-cr-00148-SEP |
| ) | |
| MICHAEL AMATO, ) | |
| ) | |
| Defendant. ) | |

### SENTENCING MEMORANDUM OF DEFENDANT MICHAEL AMATO

COMES NOW Defendant Michael Amato, by and through his undersigned counsel, and for and in support of his request that the Court follow the parties' below-Guidelines joint recommendation of probation, states as follows:

### INTRODUCTION

Michael Amato has pleaded guilty to one count of smuggling goods into the United States (specifically, importing taxidermized birds).[1] The charged crime and relevant conduct do not include any narcotics, weapons, threats of violence, or actual violence. This case represents Mr. Amato's first criminal prosecution and first conviction. The parties are jointly recommending that the Court place Mr. Amato on three-years of supervised release, with conditions.[2]

---

[1] In violation of 18 U.S.C. §545.

[2] As part of the plea agreement in this matter the parties agree that Mr. Amato should be ordered to donate $5,000.00 to the World Bird Sanctuary.

Page **1** of **8**

## THE UNITED STATES SENTENCING GUIDELINES

The U.S. Probation officer has correctly calculated the U.S.S.G. levels and range. The presentence investigation report estimates a total offense level of 12 and a criminal history category of I (based zero criminal history points) recommending a Guidelines incarceration range of 10 to 16-months.[3] As the pre-sentence investigation report correctly notes, this calculation falls into Zone C of the Sentencing Table which contemplates the possibility of placement on supervised release after a sentence of imprisonment (which can be satisfied with one-day of home confinement (if the period in custody on March 30, 2022, is insufficient). See USSG §§5C1.1(d) and (e).[4]

## REQUEST FOR A DOWNWARD VARIANCE

Mr. Amato's personal history and characteristics support mitigation, and a downward variance under the framework of § 3553(a)(1).

- **Mr. Amato has Fully and Completely Accepted Responsibility**

As an initial matter Mr. Amato has clearly demonstrated acceptance of responsibility for the offense. **P.S.R. ¶¶** 37. He has provided a truthful admission regarding his own involvement in the offense and has admitted his guilt in a timely

---

[3] P.S.R., DCD_47 @ ¶71

[4] Of course, as the Court is aware, the Guidelines are merely advisory, and the Court could opt to just place the Defendant directly on supervised release with no further incarceration or home confinement.

manner, permitting the Government to avoid preparing for trial, and permitting the Government and the Court to allocate their costs efficiently.

- **Mr. Amato has No Criminal History and Has Been Compliant**

As noted in the presentence investigation report, Mr. Amato has no criminal history. On information and belief, Mr. Amato has been completely compliant with his pre-trial requirements and has had no violations.

- **A Community Based Sentence Would be Appropriate**

A 2005 report issued by U.S. Probation and Pretrial Services encourages the use of community service sentences as "a flexible, personalized, and humane sanction, a way for the offender to repay or restore the community. It is practical, cost-effective, and fair, a 'win-win' proposition for everyone involved." *See* Probation and Pretrial Services Division of the Administrative Offices of U.S. Courts, *Community Service Sentences* (2005). According to the report, "community service addresses the traditional sentencing goals of punishment, reparation, restitution, and rehabilitation…It restricts offenders' personal liberty…allows offenders to atone or 'make the victim whole' in a constructive way [and] may be regarded as…a form of symbolic restitution when the community is the victim." *Id.* Further, "Courts can use community service successfully with a wide spectrum of offenders: corporation and individuals, first offenders and recidivists, the indigent and the affluent, juveniles and senior citizens." *Id.*

Outside of this case, Mr. Amato has no criminal history. He has a history of employment, has a stable family base, has no history of violence, and poses no danger to the community. The $5,000.00 community service payment, in conjunction with supervision, is an appropriate community-based alternative resolution to this matter.

- **Mr. Amato's Age and Poor Health Weigh in Favor of a Community Sentence**

Mr. Amato is 68 years old and as detailed in his presentence investigation report and the letters from his family is in poor health (suffering from Lewy Body Dementia, and other serious physical ailments and neurological disorders). A community-based sentence is sufficient, but not greater than necessary to achieve the sentencing objectives of §3553(a).

- **The Conviction and Collateral Consequences of a Federal Felony Conviction Will Extract a Serious Punishment on Mr. Amato.**

Because of his guilty plea, Mr. Amato will forever now be a convicted felon, and that stigma of that status will follow him for the rest of his life. In addition to the loss of many civic rights, including the loss of voting and the possibility of gun ownership for self-defense, Mr. Amato will have limitations on foreign travel, and his job opportunities will be significantly limited. Federal laws impose at least 435 collateral consequences on a person convicted of a felony.[5] Convicted felons now

---

[5] See Nat'l Inventory of the Collateral Consequences of Conviction, National Reentry Resource Center, available at: https://niccc.nationalreentryresourcecenter.org/consequences (last accessed

suffer restrictions in broad ranging aspects of life that touch upon economic, political, and social rights.[6] Today, the collateral consequences of a felony conviction form a new civil death. *United States v. Nesbeth*, 188 F. Supp. 3d 179, 180 (E.D.N.Y. 2016).[7]

Other courts have found these factors are all appropriate considerations under the punishment considerations of §3553(a)(2). The court in *United States v. Shipley*, noted that the stigma of the crime will follow the Defendant, and that this stigma adds to the punishment being imposed on the Defendant by the Court. 560 F. Supp. 2d 739, 745 (S.D. Iowa 2008). Being deprived of full participation in civic life due to this conviction, both through legal loss of privileges and the social stigma attached to the offense, is an additional substantial punishment... *Id.* The inability to vote or serve on a jury are further reminders of the Defendant's crime that will haunt him for the rest of his life. *Id.* Mr. Amato accepts these consequences and

---

February 7, 2023) (narrow database search to "include federal consequences" and then to "any felony").

[6] See Nora V. Demleitner, Preventing Internal Exile: The Need for Restrictions on Collateral Sentencing Consequences, 11 Stan L. & Pol'y Rev. 153, 154 (1999); see also Labels Like 'Felon' Are an Unfair Life Sentence, N.Y. Times, at SR 10 (May 8, 2016) (discussing the stigmatizing effect of labels such as "felon," "ex-convict," and "ex-offender").

[7] *United States v. Nesbeth*, 188 F. Supp. 3d 179 (E.D.N.Y. 2016) contains an in-depth analysis of the history and scope of collateral consequences of a federal felony conviction.

asks the Court to consider that they are a substantial form of both punishment and deterrence.

- **Mr. Amato has Lived an Exemplary Life to the Point and Has Tremendous Support from Friends and Family**

As the Court will read in the pre-sentence investigation report and the letters from friends and family, Mr. Amato has a tremendous amount of support from his family and friends. Michael Amato is routinely described as an attentive and loving husband, a good father, a wonderful grandfather, a great friend, a man of God, and someone who routinely and selflessly gives to others (see letters of support attached hereto). It is clear that if released to the community he has a plethora of support and family to take care of him.

WHEREFORE, for all of the above stated reasons, and after considering the request for a departure, and the request for a variance based on the factors in §3553(a), Defendant respectfully requests that the Court:

a) Sentence the Defendant to a period of time-served (representing his arrest and confinement from March 30, 2022);

    a. Or in the alternative sentence him to one-day of home detention (per §5C1.1(e));

b) Order the Defendant be placed on supervised released under the supervision of the United States Probation Office for a period of three-years;

c) Order the Defendant make a payment to the World Bird Sanctuary in the amount of $5,000.00[8];

d) Allow the Defendant the freedom to travel within the Eastern District of Missouri, the Western District of Missouri, and the Southern District of Illinois, subject to pre-notifying his U.S. Probation Officer;

and for such further relief as the Court may deem just and proper in the premises.

Respectfully submitted,

NEWTON BARTH, L.L.P

By: _____
Talmage Newton IV, MO56647
talmage@newtonbarth.com
555 Washington Ave., Ste. 420
St. Louis, Missouri 63101
(314) 272-4490 – Office

Attorney for Defendant Amato

---

[8] A monetary contribution is contemplated by the parties in light of the Defendant's advanced age and poor health.

## INDEX OF LETTERS OF SUPPORT

| Exhibit | Author |
|---|---|
| A | Debbie Amato – Defendant's Wife |
| B | Josh Amato – Defendant's Son |
| C | Stephanie Abram – Defendant's Daughter |
| D | Tina Amato – Defendant's Daughter-in-Law |
| E | Dana Wilson – Defendant's Sister-in-Law |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically served on all parties of record via the court's e-filing System on this 1st day of August, 2023.

_____